## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

WENDY CALMA, et al.,

    PLAINTIFFS,

v.                                                      CASE NO.: CV-10-J-538-S

HOOTERS OF AMERICA, INC.,

    DEFENDANT.

## MEMORANDUM OPINION

Pending before the court is defendant's motion to dismiss or, in the alternative, to compel arbitration and memorandum in support of said motion (doc. 12), the plaintiffs' response to defendant's motion (doc. 14), and the defendant's reply (doc. 15). Having considered the foregoing, the court finds as follows:

The plaintiffs brought this action asserting they were improperly paid by the defendant, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The plaintiffs, all waitresses at various restaurants of the defendant, claim they were required to work without compensation for varying amounts of time after each shift ended. Amended complaint, ¶¶ 13-18. The plaintiffs further assert that because this practice is uniform through all of the defendant's restaurants, this lawsuit is appropriate for treatment as a collective action under the FLSA. Amended complaint, at 9.

The defendant responds that the plaintiffs each signed a binding arbitration agreement and therefore this action is due to be dismissed or sent to arbitration for resolution.  The agreement to arbitrate reads, in relevant part, as follows:

**HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE**

> This Agreement requires you to arbitrate any legal dispute related to your application for employment or your employment or the termination of your employment with Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below.  Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below will not consider your application unless this Agreement is signed.  The Agreement to arbitrate affects your rights to a trial by a jury.  You may wish to seek legal advice before signing this Agreement to arbitrate.

**Section 1:   Duty to Arbitrate**

**By signing this Agreement, you and the company each agree that all Claims between you and the Company shall be exclusively decided by arbitration governed by the Federal Arbitration Act before one or more NEUTRAL ARBITRATORS AND NOT BY A COURT OR A JURY.  In all cases, such arbitration shall be final and binding and conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes, and/or such other procedures as the parties both agree in writing.  The NEUTRAL ARBITRATOR(S) shall be selected through the American Arbitration Association, or as otherwise agreed to by the parties in writing.**

> As used above, "Claims" means all disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company. The term "Claims" includes, but is not limited to, any claim whether arising under federal, state, or local law...

Exhibit 1 to Declaration of Patricia Kellner (doc. 12-2). The Agreements expressly except from arbitration workers' compensation claims and health benefits.[1]

The plaintiffs admit they each signed an arbitration agreement. Plaintiffs' response, at 2. However, in a convoluted argument, they assert that all of the American Arbitration Association ("AAA") Rules apply to this action, including the rules governing class actions. Plaintiffs' response at 4. The plaintiffs assert this is not an individual claim, but must proceed as a class action. *Id.* They state:

> As such, while Plaintiffs concede that the case is due to go forward under the AAA Rules, including the Supplementary Class Action Rules, Plaintiffs do not concede that there is an enforceable arbitration agreement without an agreement that those Rules apply.

*Id.* They claim that because the Arbitration Agreements signed by them do not specifically adopt the AAA Rules for class actions, they did not agree to proceed in a case such as this through arbitration.

The court finds the law of this Circuit is quite clear that arbitration agreements in the employment context are valid, enforceable, and binding. *See e.g.*, *Hill v. Rent-*

---

[1] The Agreements signed by Holley Dorrough and Sabrina Hodges are not identical to the Agreements signed by the other plaintiffs. However, those two Agreements appear to contain the above quoted language as well.

*A-Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir.2005) ("The FAA embodies a 'liberal federal policy favoring arbitration agreements'"); *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1258 (11th Cir.2003) ("[T]he Supreme Court, in reviewing a case from this circuit, made clear that the strong federal preference for arbitration of disputes expressed by Congress in the Federal Arbitration Act (the "FAA") must be enforced where possible."); *Lemmon v. Lincoln Property Co.*, 307 F.Supp.2d 1352 (M.D.Fla.2004); *Wright v. Circuit City Stores, Inc.,* 82 F.Supp.2d 1279, 1284 (N.D.Ala.2000) ("Undoubtedly, Circuit City has agreed to be bound to arbitrate at least a specified class of claims: those brought by associates .... No consideration above and beyond the agreement to be bound by this process was necessary to validate the contract .... As long as there are binding promises by each party to the other, there is adequate consideration for a valid contract.").

In spite of this obvious preference for arbitration in this Circuit, the plaintiffs turn to *Long John Silver's Restaurants, Inc. v. Cole*, 514 F.3d 345 (4th Cir.2007), in support of their argument. Plaintiffs' response, at 7. That case held that a FLSA action was properly arbitrated under the AAA Class Action Rules. Unlike that case, this has not been conditionally certified as a collective action. The court has no substantive pleadings before it except for an amended complaint and the current motion. In other words, the court has not even considered whether this action is

appropriate for collective treatment under the FLSA.  *See e.g., De Leon-Granados v. Eller and Sons Trees, Inc.*, 497 F.3d 1214, 1218 (11th Cir.2007) ("Questions concerning class certification are left to the sound discretion of the district court").  Thus, the court has no class of any sort before it.  Rather, the court has one amended complaint, brought jointly by six individual plaintiffs, each of whom signed an arbitration agreement as a condition of her employment with defendant.

> In *Long John Silver's*, the Fourth Circuit explained:
>
> The AAA Class Rules empower an arbitrator to make certain determinations about whether an arbitration agreement permits an arbitration proceeding to be conducted as a class arbitration. In the event that the agreement so permits, the arbitrator must decide whether the arbitration should proceed as a class arbitration by considering the criteria enumerated in the AAA Class Rules, as well as "any law or agreement of the parties the arbitrator determines applies to the arbitration." *See* AAA Class Rule 4(a). When the arbitrator has decided that the arbitration should proceed as a class arbitration, he must set forth the basis for that decision in a Class Determination Award, which defines the class, the notice to be given, and the grounds for exclusion of class members. *See* AAA Class Rule 5. AAA Class Rule 7 provides that a final award on the merits of a class arbitration must define the class "with specificity," including "those who have elected to opt out of the class."

*Long John Silver's Restaurants, Inc. v. Cole,* 514 F.3d 345, 347 (4th Cir.2008).

Simply put, the arbitrator, not a court, determined that the plaintiffs in that case should proceed as a class.  Likewise, an arbitrator could decide that the plaintiffs here may proceed as a class.  An arbitrator might also decide that the plaintiffs here may

not proceed as a class. If the latter is the case, then plaintiffs' argument concerning the AAA Class Rules, such as it may be, is moot. Under either scenario, the *Long John Silver's* case does not help the plaintiffs avoid arbitration. *See e.g., Cameron-Grant v. Maxim Healthcare Services, Inc*., 347 F.3d 1240, 1249 (11th Cir.2003) ("a § 216(b) plaintiff ... presents only a claim on the merits ... [and], [i]n contrast to the Rule 23 plaintiff, a § 216(b) plaintiff has no claim that he is entitled to represent other plaintiffs").

Given the strong federal policy favoring the enforcement of arbitration agreements as written, nothing in the *Long John Silver's* case prohibits this Court from compelling arbitration of plaintiff's FLSA claims. Finding otherwise would allow the plaintiffs to avoid the clear and unambiguous terms of the contracts they signed simply by styling their FLSA complaint as a collective action.

As the Supreme Court addressed in *Green Tree Financial Corp. v. Bazzle*, "the relevant question here is what kind of arbitration proceeding the parties agreed to. That question ... concerns contract interpretation and arbitration procedures. Arbitrators are well situated to answer that question." *Id.,* 539 U.S. 444, 452-453, 123 S.Ct. 2402, 2407 (2003). In refining *Bazzle*, the United States Supreme Court recently stated that "it follows that a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed

to do so." *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, --- S.Ct. ---, 2010 WL 1655826. In *Stolt-Nielsen*, the Court held that under the specific facts of that case, there was no basis for finding the parties agreed to submit to class arbitration. *Id.* The Court further states that they "have no occasion to decide what contractual basis may support a finding that the parties agreed to authorize class-action arbitration. Here, as noted, the parties stipulated that there was "no agreement" on the issue of class-action arbitration." *Id.*, n. 10.

Faced with a similar issue, the Middle District of Alabama held "this court reads *Bazzle* to stand for the proposition that, when an arbitration provision does not expressly permit or prohibit class-wide arbitration, the decision as to 'whether the contract [ ] forbid[s] class arbitration,' in the words of the plurality, is for the arbitrator, not the court. *Gipson v. Cross Country Bank,* 354 F.Supp.2d 1278, 1285 (M.D.Ala.2005), citing *Bazzle*, 539 U.S. 444, 452-453. Similarly, the Southern District of Alabama noted that the Eleventh Circuit has held that when an arbitration agreement does not clearly preclude class arbitration, "the arbitrator, rather than the court, must resolve the issue as a matter of state law." *Redman Home Builders Co. v. Lewis,* 513 F.Supp.2d 1299, 1309 (S.D.Ala.2007), citing *Rollins, Inc. v. Garrett,* 176 Fed.Appx. 968, 2006 WL 1024166, *1 (11th Cir.2006) (unpublished).

The conclusion reached by these cases is not surprising since FLSA rights are subject to arbitration, and allowing employees to escape arbitration by claiming that it interferes with their ability to bring a collective action would create an exception that easily could swallow the rule. However, this is plaintiffs' very argument, that because the Arbitration Agreements they signed include no reference to all of the AAA Rules, including those on class actions, and because of "the certainty of the availability of a class action procedure," there could be no meeting of the minds and therefore no enforceable Arbitration Agreement. Plaintiffs' response, at 12. Plaintiffs miss, in all of their creative argument, that until an FLSA action is conditionally certified, there is no collective action and nothing class members may "opt-in" to. The right to proceed collectively is not automatic under the FLSA. It is merely available, and this court has made no such determination at this juncture.

Having considered the foregoing, and being of the opinion that the defendant's motion to compel arbitration is due to be granted, the court shall so Order.

**DONE** this the 28th day of May, 2010.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE